### C. F. CLARK v. PELOT GROVES, et al.

| | |
|---|---|
| 16 So. (2nd) 340 | January Term, 1944 |
| January 18, 1944 | Division B |

14

*William E. Thompson,* for appellant.

*Leitner & Leitner* and *W. E. Leitner,* for appellee.

THOMAS, J.:

The appellant sought in the chancery court a decree declaring void a tax deed executed to him. He also prayed that a lien be established in his favor for money paid for the certificate, subsequent and omitted taxes, and in redemption from an intervening sale and that the lien be foreclosed. He challenged the validity of his own deed for the following irregularities: (1) failure of the clerk to mail to the owner or the person last paying taxes a copy of the notice of application for the tax deed; (2) assessment in the name of a fictitious person, "Pepa Hara Grove"; (3) insufficient showing that proof of publication of notice of the application was on file when the deed issued; and (4) absence; because of these defects, of an opportunity to redeem.

We consider the appellant's position, in the presentation of the second question, untenable. Obviously it is an attack

upon the assessment on which is based, not only the tax deed, but the tax certificate. In the bill of complaint the appellant alleged "that the tax sale certificate . . . was issued against the land in strict accordance with law and based upon a legal and valid assessment," and in their answer the appellees admitted "that the said tax sale certificate described in the said bill was issued against the said land in strict compliance with the law. . . ." In this state of the pleadings it is hardly necessary for us to delve into the transaction save that part which transpired subsequent to the issuance of the certificate.

We will, therefore, confine our discussion to the first, third, and fourth questions, referring freely to the observations of the chancellor.

Appellant presents the first question in the following language: "Where application is made for a tax deed and the testimony . . . shows that there is nothing on file in the clerk's office to indicate that a notice of application . . . was mailed to the owner or person last paying taxes on the land and the person to whom all mail pertaining to the land is sent testifies that a notice was not received, either by himself or by the owners of the land, but later, upon being called as a witness for the defendants, testifies that he is reasonably sure that he received a notice, *but would not swear that he did,* is prima facie evidence of the tax deed overcome and is the tax deed invalid . . . ?"

As will be seen from the form of the question, appellant challenges the soundness of the chancellor's conclusion that the proof offered in support of the bill did not overcome the evidentiary effect of the tax deed itself. We will now refer to the two applicable sections of The Revised General Statutes of Florida, 1925. One, Sec. 777, F.S.A. Sec. 194.18 required the clerk to mail a copy of the notice of application for tax deed to the owner or, if unknown, to the person who last paid taxes; the other, Sec. 779, F.S.A. Sec. 194.24, provided that a tax deed "shall be prima facie evidence of the regularity of the proceedings from the valuation of the land by the assessor to the deed inclusive." In the chancery court the appellant was confronted with the task

of overcoming by negative evidence the prima facie effect of the instrument. Here, he meets the presumption that the chancellor's interpretation of the evidence was correct.

After analyzing the question posed it is plain that he relied upon the absence of any record that the notice of application for tax deed had been mailed and upon the testimony of a certain witness who, he charges, contradicted himself. The chancellor properly found in his decree that no record of mailing notice was required to be kept; that the testimony of the witness relative to receipt of the notice was "unsatisfactory;" hence, that it must be presumed, under the latter statute, that the notice was given.

Our study of this phase of the evidence has convinced us in the light of the presumption of the statute and the presumption in favor of the decree, that there is no occasion to disturb the chancellor's ruling.

The third question is simply one of whether or not "the proof [of publication of notice of application for the tax deed] was on file with the clerk at the date of the issuance of the . . . deed. . . ." From an affidavit of the business manager of the newspaper in which the notice was published it is plain that the notice that the deed would be executed appeared in five issues. It is not clear when the affidavit was taken, but it was signed by the affiant and by the notary public. Here again we have the question of the weight of testimony. It was asserted in the bill of complaint that the proof of publication "was not filed by the clerk . . . before the tax deed issued," an allegation which the pleader undertook to prove. We cannot say, after an examination of the testimony on the subject, that the chancellor erred when he held that appellant failed to meet the burden of showing that the affidavit was not in fact in the hands of the clerk when the deed issued. As we held in Coult, et al., v. McIntosh Inv. Co., 133 Fla. 141, 182 So. 594, it is not absolutely necessary to show that the clerk placed a file mark upon the affidavit if, in truth, it had been received by him. In that case the testimony was gauged by the provisions of Sec. 1003, C.G.L. 1927, containing a provision with reference to prima facie evidence of the regularity of the proceedings identical with the one in Sec.

779, The Revised General Statutes of Florida, which we have already cited.

We think that the last question may be easily answered. Elaborating upon it, we are asked whether a "tax deed holder [is] entitled to redeem . . . from tax liens sold . . . where it appears that he has filed a suit contending that the tax deed is invalid . . . and prays a decree enforcing a lien on the land, and if he redeems [he is] entitled to have a lien enforced against the land for the amount paid . . . ." Evidently after appellant acquired his tax deed the property was again sold for nonpayment of taxes and purchased by one of the appellees. The appellant attempted to redeem by tendering to the clerk the amount required, but apparently the purchaser refused to surrender the certificate for cancellation.

Appellant presented his bill and sought his relief upon the theory that his tax deed was invalid and that the certificate therefore should be foreclosed. To the amount of the lien it represented he claimed the right to add the amount tendered to redeem from a later sale. The chancellor decided that his deed was not proved to be invalid and dismissed the bill, a conclusion with which we are in accord. Even though this may give him the right to redeem, it is difficult to see how such relief could have been granted under the bill as it was framed. It is our view, however, that nothing we have written should prejudice any right he may have as the owner of a valid tax deed as distinguished from any right he would have had if the deed had been adjudicated ineffectual.

We conclude that no error has been shown and that the decree of the chancellor should therefore be

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.